UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| DANIEL NORTON,<br><br>Plaintiff,<br><br>-against-<br><br>KIM PARKER, ET AL.<br><br>Defendants. | : | 26-CV-6197 (VSB)<br><br>**ORDER** |

VERNON S. BRODERICK, United States District Judge:

On September 1, 2026, I ordered pro se Plaintiff Daniel Norton, ("Plaintiff" or "Mr. Norton"), and Defendants Sabrina Morrissey ("Ms. Morrissey"), Eta Gershen ("Ms. Gershen"), and Phillip Solomon to appear before me for an initial telephonic case conference to "address Plaintiff's competency to proceed with this action in federal court and whether a full competency hearing under Rule 17(c) [of the Federal Rules of Civil Procedure] is necessary." (Doc. 11 at 2.) The day before the initial telephonic case conference, Mr. Norton notified me that he will not be appearing at the conference. (Doc. 30 at 3 ("I am unable to attend tomorrow . . . as I am not represented by a pro bono attorney according to rule 17(c). Once assigned please let me know."); *id.* at 1 ("I AM ADVISED NOT TO CALL IN A REMOTE APPEARANCE AS THE JUDGE WILL RULE AGAINST ME.").) On September 15, 2026, I held the initial telephonic case conference, where Plaintiff did not appear. (Doc. 18.) I indicated that I required more information regarding Plaintiff's New York State guardianship proceedings and ordered Ms. Morrissey to produce a copy of the docket from those proceedings. (*Id.*) The docket was produced on October 2, 2026. (Doc. 22). On October 20, 2026, I directed Ms. Morrissey or Ms.

Gershen to file certain documents I had selected from the New York State guardianship proceeding's docket, (Doc. 24), which Ms. Gershen provided on November 2, 2026.

The *in forma pauperis* statute provides that the courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Unlike in criminal cases, there is no requirement that courts supply indigent litigants with counsel in civil cases. *See Hodge* v. *Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to authorize pro bono counsel for an indigent litigant. *Id.*

Under the *in forma pauperis* statute, a court has no authority to "appoint" counsel, but instead may only "request" that an attorney volunteer to represent a litigant. *Mallard* v. *U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301–10 (1989). Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore grant applications for counsel sparingly, and with reference to public benefit, in order to preserve the "precious commodity" of volunteer-lawyer time. *Cooper* v. *A. Sargenti Co., Inc.*, 877 F.2d 170, 172–73 (2d Cir. 1989).

The documentation from the state guardianship proceedings alone is insufficient for me to make a determination regarding Mr. Norton's competency to prosecute this case on his own behalf. Accordingly, I find that a hearing on the issue of Mr. Norton's mental capacity is required pursuant to Rule 17(c). While Mr. Norton has not filed a formal request for appointment of pro bono counsel, he has expressed interest in said representation. (Doc. 30 at 3 ("I am unable to attend tomorrow . . . as I am not represented by a pro bono attorney according to rule 17(c). Once assigned please let me know.").)

To assist me with the inquiry into Mr. Norton's competency, I will request pro bono counsel to represent Mr. Norton for the limited scope of Mr. Norton's competency issue pursuant to Rule 17(c), including the contemplated hearing and how my decision on Mr. Norton's competency here may impact, if at all, the finding of Mr. Norton's mental incapacity in the New

York State guardianship proceeding. I find that pro bono counsel would be beneficial to me, as such counsel may be able to provide a full presentation of relevant evidence on the issue of competence and ensure that Mr. Norton's rights and interests are protected during this proceeding. If an attorney volunteers to represent Mr. Norton, they will reach out to him directly. I will wait to schedule the Rule 17(c) competency hearing until pro bono counsel enters an appearance.

Pro bono counsel will not be obligated for any aspect of Plaintiff's representation beyond the matters described in this Order. Upon the filing by pro bono counsel of a Notice of Completion, the representation by pro bono counsel of Plaintiff in this matter will terminate, and pro bono counsel will have no further obligations or responsibilities to Plaintiff or to me in this matter. I advise Plaintiff that there are no funds to retain counsel in civil cases and the Court relies solely on volunteers. Due to a scarcity of volunteer attorneys, a lengthy period of time may pass before counsel volunteers to represent Plaintiff. If an attorney volunteers, the attorney will contact Plaintiff directly. There is no guarantee, however, that a volunteer attorney will decide to take the case, and Plaintiff should be prepared to proceed with the case without an attorney.

Lastly, Mr. Norton has directly contacted my Chambers phone number no less than eight times since this case has commenced, despite being reminded each time that such communications are improper and violate Rule 1.A of my Individual Rules & Practices in Civil Cases, available at: https://www.nysd.uscourts.gov/sites/default/files/practice_documents/VSB%20Broderick%20Civil%20Rules%20-%20rev%202025.10.29.pdf. Mr. Norton is instructed, once again, that he must send all communications, including letters, to the Pro Se Intake Unit by mail at 500 Pearl Street, Room 205, New York, NY 10007 or by email to ProSe@nysd.uscourts.gov.

The Clerk of the Court is respectfully directed to mail a copy of this Order to Plaintiff at 305 East 85th Street, New York, NY 10028. I certify under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: November 13, 2026
New York, New York

Vernon Broderick
VERNON S. BRODERICK
United States District Judge